**John Wellington JOHNSON, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. No. 73–385–E.**

United States District Court, S. D. California.

March 1, 1974.

James V. Parziale, Deutsch, Parziale & McCabe, San Diego, Cal., for plaintiff.

Harry D. Steward, U. S. Atty., John Neece, Asst. U. S. Atty., San Diego, Cal., for defendant.

## ORDER

ENRIGHT, District Judge.

Plaintiff filed in this court on September 17, 1973, a complaint to enjoin the Internal Revenue Service (hereinafter IRS) from proceeding with further collection efforts against the plaintiff and his property, and to order the return of $6,130.00 earlier seized from the plaintiff. An order for limited discovery in the nature of an in camera inspection was issued by this court on December 21, 1973, which the IRS chose not to obey. Plaintiff then moved that the sanctions provided in Fed.Rules Civ. Proc. 37 be imposed upon the government, which this court seriously considered. However, for the reasons set forth below, this court must conclude that the relief sought by plaintiff must be denied, and that the government's motion to dismiss be granted.

On May 2, 1972, plaintiff's residence in San Diego was searched by State Police officials pursuant to a search warrant. In the course of this search, the sum of $6,130.00 in cash was seized from the residence and the person of the plaintiff. This seizure was later reclared illegal by a state court. The day following the search and seizure, the IRS was notified by the police officials of the seizure of $6,130.00. The IRS then made an assessment of taxes due upon the plaintiff, in the sum of $10,404.60, and made levy upon the money in the possession of the San Diego Police Department. This money was turned over to the IRS. Plaintiff subsequently sought and obtained a state court order for the return of the money turned over to the IRS, which has not been complied with. Proceedings in this court were then initiated by the plaintiff.

The sole issue originally before this court was whether plaintiff had met the burden of the two prong test as set forth by the Supreme Court in Enochs v. Williams Packing Co., 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962).[1] The test is that *first*, there must exist equity jurisdiction, dictated by the presence of an irreparable harm without an adequate legal remedy, and *second*, under the view of the facts most favorable to the government, the government cannot ultimately succeed in its collection efforts. Due to the fact that the IRS refused to comply with an order for an in camera inspection of evidence relevant to the second prong of the test, this court considered proceeding to a trial of this matter with the benefit of the operation of Fed.Rules Civ.Proc. 37 in favor of the plaintiff. However, well into the proceedings of this suit, it was brought to this court's attention on January 11, 1974, that the IRS had mailed a statutory notice of deficiency for the 1972 taxable year to the plaintiff on December 14, 1973.

It would seem that if the plaintiff had been relying upon statutory grounds to vest jurisdiction in this court, the filing of the notice of deficiency, at any stage of the proceedings, would have deprived this court of jurisdiction.[2] The more difficult question concerns the effect said notice of deficiency has where, as is in the present case, the plaintiff is relying upon the equitable basis for jurisdiction announced in the *Enochs* case. The effect of the notice of deficiency has been held to give the taxpayer a "ticket to the tax court."[3] Such a result would afford the taxpayer an opportunity to litigate his grievance, and hence this court would specifically find that he in fact has a legal remedy and therefore, the plaintiff thereby fails to meet one of the prongs of the *Enochs* test. This court is therefore without jurisdiction to entertain further proceedings in this cause. Good cause appearing therefor,

It is hereby ordered that defendant's motion to dismiss should be and is granted, and that plaintiff's motions for summary judgment and complaint for injunctive relief should be and are denied.

---

1. Plaintiff originally also sought relief upon the theory that this court had jurisdiction because the assessment was illegal due to the fact that no notice of deficiency was sent to the taxpayer pursuant to Section 6213(a) of the Code. *See* Schreck v. United States, 301 F.Supp. 1265 (D.Md., 1969). The plaintiff subsequently has not urged this theory.

2. This would follow from a logical reading of Sections 7422 and 6532 of the Code. See also this court's memorandum order in Johnston v. Schmidt, No. 73–533–E.

3. Irving v. Gray, 479 F.2d 20 (2 Cir., 1973), at page 25.